RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 5/20/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TROY MERCADEL (DOC#113961) | DOCKET NO. 09-CV-0079; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CORRECTIONS CORPORATION OF AMERICA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed in the Middle District of Louisiana, *pro se* and *in forma pauperis* on January 12, 2009. The case was transferred and received in this district on Januray 16, 2009. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), and he is currently incarcerated at E. Hunt Correctional Center (HCC) in St. Gabriel, Louisiana. Plaintiff complains of an incident that allegedly occurred while he was housed at Winn Correctional Center (WCC). Plaintiff names as defendants: Corrections Corporation of America (CCA), Winn Correctional Center (WCC), Tim Wilkinson, Gary Coleman, and Lawrence Phillips.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff alleges that, on July 10, 2007 at 8:30 in the

morning, he was being transported to his prison job on the back of a flat bed truck along with four other inmates, three lawn mowers, two weedeaters, and 2 gas cans. He alleges that the truck had no hand or guard rails. As the truck rounded a curve, Plaintiff fell off of the truck. He reached for and grabbed a lawnmower, but the lawnmower also fell to the ground with him.

Plaintiff was taken to LSU Medical Center in Shreveport because the Winn physician thought Plaintiff's hip might be fractured. At LSU hospital, Plaintiff was diagnosed with severe strain of his right hip. He used crutches for two months and was then provided with a cane. Plaintiff was treated with pain medication and also sought counseling.

## LAW AND ANALYSIS

Plaintiff alleges that the prison officials were negligent and deliberately indifferent in transporting inmates on an open flatbed truck.

1. PLRA

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these

same reasons "at any time" where a party proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2)(B)(mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

A complaint is frivolous if it lacks an arguable basis in law or fact. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

**A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.** Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).

2. Wilkinson, CCA, and WCC

   A. WILKINSON

Plaintiff names Warden Wilkinson as a defendant, but presents

3

no factual allegations against him. Presumably, Plaintiff has named Wilkinson based on his role as warden of WCC. However, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Thus, supervisory officials are <u>not liable</u> under §1983 for the actions of their subordinates on theories of vicarious liability[1] or respondeat superior[2]. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994)("Vicarious liability does not apply to §1983 claims."). "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff has not alleged personal involvement or implementation of an unconstitutional policy by Warden Wilkinson; the claim should be dismissed.

B. CCA

---

[1] Vicarious liability is liability that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) based on the relationship between the two parties. Black's Law Dictionary (8th ed. 2004).

[2] Respondeat superior is the doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency. Black's Law Dictionary (8th ed. 2004).

Plaintiff also attempts to hold CCA liable for the acts of its employees. Plaintiff also claims that CCA is liable for the acts of its employees. However, just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation not vicariously liable under §1983 for its employees' deprivations of others' civil rights. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). A private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the moving force of the constitutional violation. Plaintiff has not presented any allegations that an official policy or custom of CCA was the cause or moving force behind its employees' alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claim against CCA should be dismissed as frivolous.

C. WCC

Plaintiff has named WCC as one of his defendants. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether WCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. A review

5

of the Louisiana Secretary of State's corporations database suggests that WCC is not a corporation and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise. WCC should be dismissed, as well.

3. Captain Gary Coleman & Lawrence Phillips

Plaintiff claims that Cpt. Coleman ordered the inmates to "sit in a tuck position with our legs off of the side of the truck." [Doc. #1, p.7] Plaintiff claims that this put him in an unstable position and contributed to his injuries. It can be inferred from the Complaint that Lawrence Phillips was the driver of the truck.

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). A prison official violates this duty when by act or omission he is *deliberately indifferent* to conditions that pose a substantial risk of serious harm. Id. at 834.

Deliberate indifference means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. Thompson v. Upshur County,

Texas, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)(emphasis added). Moreover, "deliberate indifference cannot be inferred merely from **a negligent or even a grossly negligent response** to a substantial risk of serious harm." Thompson, 245 F.3d at 459 (emphasis added).

"Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). Wanton is defined as unreasonably or maliciously risking harm while being utterly indifferent to the consequences. Black's Law Dictionary (8th ed. 2004). A violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's ... safety." See Whitley v. Albers, 475 U.S. 312, 319 (1986).

Plaintiff has failed to provide any factual allegations to support his conclusion that Coleman and Phillips acted with negligence and deliberate indifference. He has presented only a conclusory allegation of deliberate indifference. At best, under these circumstances, Plaintiff presents a state law tort claim, not a claim of a civil rights violation cognizable under Section 1983. The Supreme Court has held that "the Due Process Clause is simply

not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986). Negligence does not support a Section 1983 claim. <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); <u>Hare v. City of Corinth</u>, 74 F.3d 633, 641-42, 646 (5th Cir. 1996)(negligence insufficient to support failure to protect claim under Section 1983); <u>Jackson v. Procunier</u>, 789 F.2d 307, 310 (5th Cir. 1986)(citing <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986)). Plaintiff's civil rights claim against these defendants should be dismissed.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 20th day of May, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE